EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Roberto J. J. Buono Colón | 2016 TSPR 217<br><br>196 DPR ____ |

Número del Caso: TS-14,530

Fecha: 27 de octubre de 2016

Abogado del Peticionario:

       Por derecho propio

Programa de Educación Jurídica Continua:

       Lcdo. José Ignacio Campos Pérez
       Director

Materia: Reinstalación al ejercicio de la abogacía y la notaría.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto J.J. Buono Colón                TS-14,530


RESOLUCIÓN

San Juan, Puerto Rico, a 27 de octubre de 2016.

Examinada la *Moción en cumplimiento de orden e informativa,* presentada por el Sr. Roberto J.J. Buono Colón, se le reinstala a la práctica de la abogacía y la notaría, previo a presentar evidencia de fianza vigente.

Conforme lo dispuesto en *In re* Buono Colón, 187 DPR 379 (2012), se instruye al Secretario del Tribunal activar la Queja Núm. AB-2011-111. Se le ordena al señor Buono Colón contestar la misma en un término final e improrrogable de diez (10) días, contado a partir de la notificación de esta Resolución. Se le apercibe que, de no hacerlo, se expone a sanciones disciplinarias severas, incluyendo la suspensión inmediata e indefinida de la abogacía.

Además, se le informa al señor Buono Colón que su solicitud de baja voluntaria se considerará luego de culminado el proceso disciplinario en su contra.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado

señor Martínez Torres emitió un Voto Particular Disiente al cual se unió el Juez Asociado señor Feliberti Cintrón.


                              Juan Ernesto Dávila Rivera
                            Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto J.J. Buono Colón

TS-14,530

Voto particular disidente emitido por el Juez Asociado señor MARTÍNEZ TORRES al cual se unió el Juez Asociado señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 27 de octubre de 2016.

Hoy reinstalamos a un abogado aunque tiene una queja pendiente que se negó a contestar. Debido a que el Tribunal opta por tolerar esa grave falta de respeto, en vez de vindicar nuestra autoridad para regular la profesión jurídica en Puerto Rico, me veo obligado a disentir.

I

El Sr. Roberto J.J. Buono Colón fue admitido al ejercicio de la abogacía el 19 de agosto de 2003 y a la práctica de la notaría el 22 de septiembre de ese mismo año. El 28 de noviembre de 2012, fue suspendido inmediata e indefinidamente del ejercicio de la abogacía y la notaría por infringir

el Canon 9 del Código de Ética Profesional, 4 LPRA AP. IX, C.9, al desatender las órdenes y requerimientos de este Tribunal como parte de un procedimiento disciplinario instado en su contra. In re Buono Colón, 187 DPR 379 (2012). En particular, el señor Buono Colón no contestó una queja que se presentó en su contra por alegada mala práctica profesional, a pesar de que le requerimos varias veces que lo hiciera. Según reconocimos en aquel momento, el señor Buono Colón con "[s]u actitud[,] denot[ó] un menosprecio por lo que representa el título de abogado y el certificado que le entregó este Tribunal para ejercer la abogacía". Íd., pág. 384. Finalmente, en aquella ocasión determinamos que la queja se archivaría hasta que el letrado solicitara su reinstalación. Íd., pág. 384.

Luego de transcurridos varios años, el señor Buono Colón solicitó su reinstalación a la práctica de la abogacía y la notaría. Tras algunos trámites procesales, también solicitó que una vez lo reinstaláramos, decretáramos su baja voluntaria. Sin embargo, en ninguno de sus escritos contestó la queja que se presentó en su contra, conducta que precisamente motivó a este Tribunal a suspenderlo indefinidamente en 2012.

A pesar de lo anterior, una mayoría decide reinstalar al señor Buono Colón a la práctica de la abogacía y la notaría. En vista del historial de desobediencia e incumplimiento ético que motivó la suspensión del señor

Buono Colón, me parece que antes de reinstalarlo deberíamos ordenarle que comparezca, conteste la queja pendiente que pesa en su contra y se someta al procedimiento disciplinario correspondiente. Solo después de concluido ese proceso es que estaríamos en una posición responsable para considerar su solicitud de reinstalación. Ese es el trato que le daríamos a una persona que solicite por primera vez que lo admitamos y cuya reputación se ha cuestionado. No veo por qué tratar más lenientemente a quien ya faltó a la ética de la profesión y solicita que se le reinstale.

## II

Nuestra facultad inherente para reglamentar la admisión y remoción de la profesión legal y notarial conlleva la enorme carga de velar que quien pretenda ejercer estas profesiones esté capacitado y apto para cumplir fiel y cabalmente con los deberes que acarrean. In re Manzano Velázquez, 177 DPR 581, 590 (2009). Más aún, dentro de dicho poder se encuentra el deber ineludible de mantener un orden jurídico íntegro y eficaz que goce de la completa confianza y apoyo de la ciudadanía.

En este sentido, los abogados suspendidos **indefinidamente** del ejercicio de la abogacía, como el señor Buono Colón, se encuentran en la misma posición que los aspirantes que aprobaron el examen de reválida general y se aprestan a juramentar. Consecuentemente,

para que proceda su admisión, o reinstalación, según sea el caso, ambos tienen que gozar de buena reputación y no debe quedar duda de que están aptos para cumplir intachablemente con las normas éticas que rigen la profesión legal. En el caso de los aspirantes contamos con la Comisión de Reputación para que lleve a cabo un escrutinio a esos fines, mientras que en el caso de abogados suspendidos indefinidamente, nos toca a nosotros llevar a cabo ese análisis delicado. Para ello, podemos contar con la asistencia de la Oficina de la Procuradora General, de Comisionados Especiales, de la Oficina de Inspección de Notarías, del Programa de Educación Jurídica Continua y hasta de la Comisión de Reputación.

Cuando no efectuamos esa labor adecuada y oportunamente y, en cambio, concedemos solicitudes de reinstalación en casos como este, las consecuencias son sumamente peligrosas. Ese proceder permite que un abogado que ha cometido faltas graves escoja como estrategia no contestar una queja, mientras espera hasta que desaparezcan los testigos en su contra o peor aún, hasta que pueda comprar su silencio. De esa forma, podría valerse de artimañas para lograr su reinstalación sin que podamos pasar juicio sobre la conducta que dio lugar a la queja. Eso puede provocar que, en ocasiones, lo que debió ser una suspensión larga, quizás permanente, por una violación grave del Código de Ética Profesional, supra, se convierta en una suspensión más corta por no contestar

las órdenes de este Tribunal. Aunque este no sea uno de esos casos, esa puerta debe cerrarse herméticamente.

Es por esto que he procurado constantemente que cuando un abogado suspendido indefinidamente por no atender nuestras órdenes solicite reinstalación se le imponga como condición que conteste **toda** queja que pese en su contra y se someta al proceso investigativo, de modo que su solicitud de reinstalación se considere una vez se diluciden de forma final las quejas. De lo contrario, puede que readmitamos a un abogado para tener que suspenderlo otra vez al poco tiempo. El efecto nefasto que eso tiene sobre los clientes que contrataron los servicios del letrado durante ese intérvalo es inconmensurable.

En lugar de perpetuar esa futilidad, debemos reconocer que el abogado que enfrenta esa situación se colocó a sí mismo en esa posición y que cuando este toca nuestras puertas para solicitar su reinstalación tiene que someterse a las condiciones que aseguren que el interés público no se perjudicará si concedemos la petición. Si el abogado se niega a cumplir con nuestras condiciones, su solicitud debe ser denegada. De esta forma nos aseguramos de que la reinstalación de un abogado que fue suspendido indefinidamente responde al interés público y no al mero transcurso del tiempo.

Hoy, en cambio, readmitimos a un abogado y en la misma Resolución le apercibimos que si no contesta una

queja podríamos suspenderlo de nuevo. ¿Para qué readmitirlo, entonces en esta etapa?

Lamentablemente, resoluciones como las que hoy se aprueban no hacen otra cosa más que promover la insolencia entre los miembros de la profesión legal. Cada vez que emitimos una orden que caracterizamos como "final e improrrogable" y posteriormente otorgamos múltiples prórrogas injustificadas, o peor aún, conferimos términos adicionales porque los letrados no comparecen, estamos erosionando nuestra autoridad y premiando la irresponsabilidad.

Hoy reinstalamos a un abogado a pesar de la incertidumbre sobre la rectitud de su conducta y sin descartar que haya que suspenderlo de nuevo por una conducta que no se ha dilucidado por la indolencia del propio abogado. Así no protegemos el interés público. Un "time out" como castigo a un niño tiene más fuerza que lo que hacemos hoy.

### III

En fin, al tomar en consideración todo lo anterior, considero que mientras el señor Buono Colón tenga la queja AB-2011-111 pendiente de adjudicación y este soslaye su obligación de contestarla, no estamos en posición de considerar favorablemente su solicitud de reinstalación. Por esa razón, disiento del proceder del Tribunal.

Rafael L. Martínez Torres
Juez Asociado